1  ALEXANDER B. TRUEBLOOD (State Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Blvd., Suite 1600
   Los Angeles, California 90024
3  Telephone: (310) 943-0298
   Facsimile: (310) 943-2255
4
   Attorneys for Plaintiff
5  TORREAN TYUS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| TORREAN TYUS,<br><br>Plaintiff,<br><br>vs.<br><br>MILESTONZ JEWELERS LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**(3) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**(4) UNFAIR COMPETITION** |

Plaintiff Torrean Tyus hereby alleges as follows, against defendants Milestonz Jewelers LLC ("Milestonz"), and Does 1 through 10:

## OPERATIVE FACTS

1. Plaintiff Torrean Tyus purchased jewelry on credit, from defendant Milestonz Jewelers LLC, in Sacramento, California. When plaintiff fell behind on his payments, Milestonz began a campaign of debt collection harassment that violated California's Rosenthal Fair Debt Collection Practices Act.

2. Despite having plaintiff's current address and phone number, defendants called plaintiff's family members to harass them about the alleged debt. Defendants called the family members with unreasonable frequency, and told one or more of these family members that plaintiff owed a debt to Milestonz.

3. Defendants addressed and mailed a letter to plaintiff's mother, which contained a threatening notice in large bold letters titled: "You are hereby notified that LEGAL ACTIONS have been or will be filed against you." In fact, defendants had not filed legal action, and did not intend to file legal action, against plaintiff or his mother. The notice falsely stated that "you must appear in court on the trial date shown" when there was no trial date or court case.

4. The envelope which the "Legal Action" notice came in stated that it was from "MJ Financial Legal Department" when in fact there is no such department, and no entity named "MJ Financial."

5. The "Legal Action" notice further stated that plaintiff's mother's property, money or wages would be seized "without further warning from the Court," when in fact there was no court case, and defendants had no right to seize anything. The notice also stated that "In order to halt or prevent these actions you must immediately contact our legal service office below." Defendants had no "legal service office."

6. The "Legal Action" notice disclosed to plaintiff's mother that plaintiff owed a debt. It stated that the "creditor" was MJ Services, when in fact no such

entity exists. The notice further disclosed to plaintiff's mother that the "original creditor" was "Milestonz Jewelers, Inc." There is no entity called "Milestonz Jewelers, Inc." The notice further stated that plaintiff owed a debt of $2772.65 to MJ Services.   In fact, plaintiff did not owe the amount of $2772.65, and did not owe anything to "MJ Services," which doesn't exist.

7. Defendants then visited plaintiff's mother's home and left another notice, entitled "MJ Services Field Collections Assignment Notice," this time addressed to plaintiff.  The notice stated that "Your account with Milestonz has been assigned to MJ Services for immediate Repossession, Collections, or Legal Action." This violated the Rosenthal Act by disclosing to third parties that plaintiff owed a debt. In addition, the notice threatens repossession of plaintiff's jewelry, a legal action which could not be taken in California.  Finally, the notice falsely states that it is from MJ Services, an entity which does not exist, and which in fact had not taken any "assignment."

8. The "Field Collections" notice also stated that "We have performed a field collections visit to your place of residence because you have been unwilling or unable to communicate with us."  This statement was false.  Plaintiff was not unwilling or unable to communicate with defendants.  Furthermore, a "field collections visit" was performed at plaintiff's mother's house, not at plaintiff's home.

9. The "Field Collections" notice also stated that "Unless you respond by telephone within 24 hours, field collections activity will continue and/or legal action will be initiated."  Plaintiff did not contact defendants within 24 hours, yet no field collections visits continued, and no legal actions were commenced.

10. The "Field Collections" notice also stated that field collection "will be conducted at your place of residence or any known place of employment."  This was a false threat, as no such activity took place at plaintiff's residence or his place of employment.  In fact, defendants were prohibited by law from contacting plaintiff's employer in person, under the Rosenthal Fair Debt Collections Practices Act.

11. The "Field Collections" notice also stated "Please do not allow this situation to escalate. Be advised that on any future visit, a police or sheriff escort may be requested for civil standby during repossession, as allowed by jurisdiction." These threats, including of police involvement, were false, as defendants had no intention of calling law enforcement, making a future visit, or doing a repossession. Indeed, a repossession of plaintiff's jewelry without a court order would have been illegal, and plaintiff's jewelry was exempt from any judicial levy under Code of Civil Procedure § 704.040. The statement is also falsely implied the arrest or imprisonment of plaintiff, unless he paid the alleged debt.

12. The "Field Collections" notice was signed by "Stacy," who will be named as a defendant upon learning of her identity.

13. Attached to the "Field Collections" notice was a second "Legal Action" notice, which contained the same violations as the first, including disclosing to plaintiff's mother that plaintiff owed a debt.

14. Plaintiff sent a letter to defendants advising them to cease all contact with him or his family. Defendants ignored the letter, and continued making contacts. When plaintiff complained again by phone of the harassment, defendants' employee "Stacy," advised plaintiff that defendants could perform whatever collection practices they wanted, since plaintiff had signed a consent permitting defendants to do so. Plaintiff is informed and believes that no such written consent ever existed, as defendants refused to provide it to him. In the alternative, if plaintiff did sign such a written consent, it was void as against public policy, under Civil Code § 1788.33.

15. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to plaintiff, and who therefore are sued by such fictitious names. Each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave

of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

16. Except as specifically stated above, each of the defendants were the agents and/or employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged. The defendants are jointly and severally liable to plaintiff.

## JURISDICTION AND VENUE

17. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

18. Venue is proper in the Eastern District of California because the defendant resides in this district. Defendant does regular business and is subject to personal jurisdiction in this district. The contract was entered into in Sacramento County, and plaintiff currently lives in Sacramento County.

## PARTIES

19. Plaintiff Torrean Tyus is a California citizen, and a resident of the county of Sacramento, and is over 18 years of age.

20. Defendant Milestonz Jewelers LLC is a California limited liability company, and a citizen of California.

## FIRST CAUSE OF ACTION

**(By Plaintiff Against All Defendants For Violations of the Federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq)**

21. Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

22. Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. § 1692a. Defendant Milestonz Jewelers LLC, and the Doe defendants, fall under the definition of "debt

collector" under 15 U.S.C. 1692a(6), because they are creditors who, in the process of collecting their own debts, used any name other than their own which would indicate that a third person is collecting or attempting to collect such debts.  In this case, those other names were "Milestonz Jewelers, Inc., "MJ Financial," and "MJ Services."

23.	Defendants violated 15 U.S.C. § 1692c by failing to cease communication with plaintiff, upon being notified in writing that plaintiff wished defendants to cease further communication.

24.	Defendants violated 15 U.S.C. § 1692c by communicating with persons other than plaintiff about the alleged debt.

25.	Defendants violated 15 U.S.C. § 1692b by communicating with persons other than plaintiff about the alleged debt more than once, by stating that plaintiff owed a debt, and by not limiting communications to a request for location information.

26.	Defendants violated 15 U.S.C. § 1692d by engaging in conduct in connection with the collection of a debt allegedly owed by plaintiff, the natural consequence of which was to harass, oppress, or abuse.

27.	Defendants violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt allegedly owed by plaintiff.

28.	Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect an alleged debt.

29.	Plaintiff is entitled to any actual damages sustained by him as a result of defendants' conduct in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

30.	Plaintiff is entitled to statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

31.     Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION

**(By Plaintiff Against All Defendants for Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq.)**

32.     Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

33.     The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Cal. Civ. Code § 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. § 1788.1(b).

34.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing.

35.     Defendants at all times relevant herein were "debt collectors" within the meaning of Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of "consumer debt".

36.     The purported debt defendants attempted to collect from plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f). Defendants engaged in acts or practices in connection with the collection of money or property which was alleged to be due and owing, by reason of a consumer credit transaction entered into with plaintiff.

37.     Defendants violated Civil Code § 1788.10(e) by threatening plaintiff that nonpayment of the debt would result in his arrest, the garnishment of his wages,

1 or the seizure of his property, when such action was neither contemplated by
2 defendants nor permitted by law.

3     38.    Defendants violated Civil Code § 1788.10(e) by threatening plaintiff's
4 mother that nonpayment of the debt would result in her arrest, the garnishment of her
5 wages, or the seizure of her property, when such action was neither contemplated by
6 defendants nor permitted by law.

7     39.    Defendants violated Civil Code § 1788.10(f) by threatening to contact
8 plaintiff's employer in person regarding the debt, in violation of Civil Code §
9 1788.12 which requires that any such communication must be oral or written, and not
10 in person.

11     40.    Defendants violated Civil Code § 1788.12(b) by communicating
12 information regarding a consumer debt to plaintiff's family members prior to
13 obtaining a judgment against plaintiff.

14     41.    Defendants violated Civil Code § 1788.12(d) by communicating with
15 plaintiff by means of a written communication that displays or conveys information
16 about the consumer debt or the debtor other than the name, address and telephone
17 number of the debtor and the debt collector and which is intended both to be seen by
18 any other person and also to embarrass the debtor.

19     42.    Defendants violated Civil Code § 1788.13(a) by communicating with
20 plaintiff other than in the name of the debt collector or the person on whose behalf
21 the debt collector was acting.

22     43.    Defendants violated Civil Code § 1788.13(e) by making the false
23 representation in its "Legal Action" notices that "The Court may award the plaintiff
24 the amount of the claim and the costs," when in fact not all costs could legally be
25 added to the existing obligation.

26     44.    Defendants violated Civil Code § 1788.13(h) by making the false
27 representation that collection letters, notices or other printed forms were being sent
28 by or on behalf of a legal department.

45.    Defendants violated Civil Code § 1788.13(j) by making the false representation that a legal proceeding had been, or was about to be, or would be, instituted unless payment on the debt was made.

46.    Defendants violated Civil Code § 1788.13(k) by making the false representation that a consumer debt had been sold or assigned, or referred to a debt collector for collection.

47.    Defendants violated Civil Code § 1788.16 by sending a communication which simulated legal or judicial process.

48.    Defendants violated Civil Code § 1788.17 (incorporating by reference 15 U.S.C. § 1692c) by communicating with plaintiff after receiving a letter from plaintiff advising defendants to cease contact.

49.    Defendants violated Civil Code § 1788.17 (incorporating by reference 15 U.S.C. § 1692c(b)) by communicating with persons other than plaintiff about the alleged debt.

50.    Defendants violated Civil Code § 1788.17 (incorporating by reference 15 U.S.C. § 1692b) by communicating with persons other than plaintiff about the alleged debt more than once, by stating that plaintiff owed a debt, and by not limiting communications to a request for location information.

51.    Defendants violated Civil Code § 1788.17 (incorporating by reference 15 U.S.C. § 1692d) by engaging in conduct towards plaintiff and others, the natural consequence of which was to harass, oppress, or abuse.

52.    Defendants violated Civil Code § 1788.17 (incorporating by reference 15 U.S.C. § 1692e) by making false or misleading representations to plaintiff.

53.    As a proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts which are subject to proof.

54.    Plaintiff is entitled to recover his actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

55. Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages each pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

56. Plaintiff is entitled to recover his attorneys fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(By Plaintiff Against All Defendants For Intentional Infliction of Emotional Distress)**

57. Plaintiff realleges and incorporates herein by reference the allegations of each and every paragraph above.

58. Defendants engaged in the extreme, outrageous and unreasonable acts enumerated above. These acts went beyond the bounds of decency expected in a civilized society.

59. Defendants intended to cause plaintiffs to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiffs to suffer emotional distress.

60. As a direct and proximate result of defendants' outrageous conduct, plaintiff has suffered severe mental distress, mental suffering, and/or mental anguish, including one or more of the following: fright, nervousness, embarrassment, grief, anxiety, worry, humiliation, and indignity.

61. As a proximate result of defendants' conduct, plaintiff has suffered damages in an amount to be determined according to proof.

62. Defendants acted with malice, oppression, and/or fraud towards plaintiff, within the meaning of Civil Code § 3294, thereby entitling plaintiff to an award of punitive damages. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge

- 10 -
COMPLAINT

of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

WHEREFORE plaintiff prays for relief as set forth below.

### FOURTH CAUSE OF ACTION
**(Violations of Business and Professions Code § 17200, et seq. Against All Defendants)**

63. Plaintiff realleges and incorporates herein by reference the allegations of the paragraphs above.

64. Business and Professions Code § 17200, et seq., often referred to as the "Unfair Competition Law," (hereinafter "the UCL") defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

65. The business acts and practices of defendants as hereinabove alleged constitute unlawful business practices in that, for the reasons set forth above, said acts and practices violate provisions of the Rosenthal Fair Debt Collection Practices Act (Civil Code § 1788. et seq), and the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq).

66. The business acts and practices of defendants, as hereinabove alleged, constitute unfair business practices in that said acts and practices offend public policy and are substantially injurious to consumers. Said acts and practices have no utility that outweighs their substantial harm to consumers.

67. The business acts and practices of defendants, as hereinabove alleged, constitute fraudulent business practices in that said acts and practices are likely to deceive the public and affected consumers as to their legal rights and obligations.

68. The unlawful, unfair and fraudulent business acts and practices of defendants described herein, present a continuing threat to members of the general

COMPLAINT

public in that defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

69. Pursuant to Business and Professions Code § 17203, plaintiff seeks an order enjoining defendants from engaging in the acts and practices hereinabove alleged, including contacting third parties concerning alleged debts, issuing the above described written notices which violate the Rosenthal Act and Fair Debt Collection Practices Act, obtaining improper written waivers of rights under the Rosenthal Act, and informing consumers falsely that such waivers are enforceable.

70. Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of his attorneys' fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For injunctive relief;
6. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
7. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated: December 5, 2013            TRUEBLOOD LAW FIRM

_____
Alexander. B. Trueblood

Attorneys for Plaintiff
TORREAN TYUS